UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANDREW MCFADDEN,

Plaintiff,

v.

CITY OF EL CENTRO,

Defendant.

CASE NO. 13cv1580 JM(DHB)

ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND

Defendant City of El Centro ("El Centro") moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Andrew McFadden opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss the Title VII retaliation claim, declines to reach the state law claims, and grants Plaintiff ten days leave to amend from the date of entry of this order.

**BACKGROUND**

On July 5, 2013, Plaintiff commenced this federal question action alleging three claims for relief: (1) retaliation in violation of Title VII and California Fair Employment and Housing Act ("FEHA"); (2) wrongful termination in violation of public policy; and (3) failure to prevent discrimination, retaliation or harassment in violation of Cal. Gov't Code §12940 et seq. On September 24, 2013, Plaintiff filed the First Amended Complaint ("FAC") and added a fourth cause of action for violation of California Civil Code §56.20.

Plaintiff, an African-American male, began working as a police officer with El Centro in 1989. (FAC ¶17). Between 2002 and 2010, Plaintiff was allegedly subjected to discriminatory, hostile, and harassing employment practices by employees of the El Centro Police Department. (FAC ¶18). In 2009 and in 2010, Plaintiff filed charges of racial discrimination with the California Department of Fair Employment and Housing ("DFEH") and the U.S. Equal Employment Opportunity Commission against several El Centro police officers and El Centro. In 2010, Plaintiff filed a civil lawsuit against El Centro "alleging race discrimination, disability discrimination, retaliation, and deprivation of civil rights." (FAC ¶19). After he filed the suit, Plaintiff alleges that the acts of discrimination "escalated." (FAC ¶21).[1]

In January 2011, Plaintiff was subjected to an "administrative investigation" into his driving practices. The administrative investigation was allegedly based upon a citizen's complaint about the driving practices of the El Centro Police Department in general. (FAC ¶22). Plaintiff was allegedly the only target of the investigation. (FAC ¶22). On March 29, 2011, Sergeant John Seaman completed his report and recommended that Plaintiff's employment with El Centro Police Department should be terminated. (FAC ¶23).

Despite two previous Fitness for Duty examinations, El Centro requested that Plaintiff participate in another Fitness for Duty examination. On September 12, 2011, Plaintiff traveled to Los Angeles "to attend a Fitness for Duty assessment as demanded by Defendant's Human Resources Director." (FAC ¶25). Upon arrival to the doctor's office, Plaintiff was instructed to sign a medical release form. The doctor would not perform the fitness exam unless Plaintiff signed the release. Plaintiff was unwilling to

---

[1] On September 26, 2012, Judge William Q. Hayes granted summary judgment in favor of El Centro and against Plaintiff on all discrimination claims in that action. McFadden v. City of El Centro, Case No. 10cv2042 WQH(WMC). Applying the McDonnell Douglas formulation, Judge Hayes found that Plaintiff failed to establish a prima facie case of either discrimination or retaliation. Judge Hayes also found that Plaintiff failed to establish a genuine issue of material fact with respect to the Americans with Disability Act ("ADA") claims or the civil rights claim brought pursuant to 42 U.S.C. §1983.

sign the release. On December 22, 2011, Plaintiff's employment with El Centro Police was terminated based upon the investigation into Plaintiff's driving practices and his failure to complete the Fitness for Duty test. (FAC ¶26).

## DISCUSSION

### Legal Standards

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in extraordinary cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v.

Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Title VII Retaliation Claim**

To establish a prima facie case of retaliation under Title VII, Plaintiff must show that (1) he engaged in a protected activity, (2) defendants took an adverse employment action against him, and (3) a causal link exists between his protected activity and the adverse employment action. Vasquez v. County of Los Angeles, 349 F.3d 634, 646 (9th Cir. 2003).

Protected Activity

Plaintiff adequately alleges that he was engaged in a protected activity. Plaintiff alleges that he filed union grievances between 2002 and 2010, he filed charges of racial discrimination with DFEH in 2009, he filed charges with the EEOC in 2010, and he filed a civil lawsuit in federal court against El Centro alleging claims for violation of the ADA, Title VII, FEHA, and the Civil Rights Act, 42 U.S.C. §1983 on September 30, 2010. (FAC ¶18). There is no doubt that filing grievances and pursuing constitutional and statutory remedies are protected activities.

In sum, this element is satisfied.

Adverse Employment Action

Plaintiff argues that he suffered four distinct adverse employment actions. First, Plaintiff alleges that he was subjected to a 90-day administrative investigation into his driving practices. Plaintiff alleges that El Centro received a citizen's complaint regarding the driving practices of El Centro police officers and that he was a subject of the investigation. (FAC ¶22). The court concludes that an investigation into the driving practices of Plaintiff, standing alone, does not constitute an adverse employment decision. See Nichols v. Southern Ill. University-Edwardsville, 510 F.3d 772, 786 (7th Cir. 2007) (placing a police officer on paid administrative leave pending an internal investigation is not a materially adverse employment action).

Second, Plaintiff contends that the March 29, 2011 investigative report - recommending that Plaintiff be terminated - constitutes an adverse employment action because the report contained a negative review of Plaintiff's driving performance, a negative evaluation of Plaintiff's character, and a recommendation that Plaintiff's employment with El Centro be terminated. (FAC ¶18, 23, 24). Plaintiff argues that the investigative report was used to "detrimentally alter the terms and conditions of employment." (Oppo. at p.6:3-4). The court notes that an investigative report recommending an employee's discharge and acted upon by management constitutes an adverse employment action. Here, however, the investigative report standing alone does not in itself constitute an adverse employment action because it had no tangible effect until it was acted upon at the time of Plaintiff's discharge on December 22, 2011. See Cossette v. Minnesota Power & Light, 188 F.3d 964, 972 (8th Cir.1999) (a negative performance review does not in itself constitute an adverse employment action, as it has no tangible effect upon the recipient's employment). The court concludes that the FAC's allegations concerning the investigative report are insufficient to establish an adverse employment action as of March 29, 2011.

Third, Plaintiff contends that he was required to travel to Los Angeles on September 12, 2011 to complete a Fitness for Duty examination. Plaintiff alleges that he traveled to Los Angeles but upon arrival at the doctor's office, he was required to sign a mandatory authorization and release of medical information form. (FAC ¶25). Plaintiff felt "uncomfortable" with some of the language in the authorization form and refused to sign the document. The doctor then refused to perform the evaluation unless Plaintiff signed the authorization. Without more, the court concludes that the requirement that Plaintiff submit to a fitness exam is not actionable. Plaintiff argues that he is capable of alleging additional facts demonstrating that the fitness exam constitutes an adverse employment action. (Oppo. at p.6:22-24). As leave to amend is to be freely given, see Fed. R. Civ. P. 15(a), the court grants Plaintiff ten days leave to amend from the date of entry of this order.

Fourth, there is no dispute that Plaintiff's termination on December 22, 2011 constitutes an adverse employment decision.

The Causal Connection

This element requires Plaintiff to allege a causal connection between the protected activity and the adverse employment action. Vasquez, 349 F.3d at 646. The court concludes that the requisite causal connection allegations are insufficient to state a claim. Plaintiff alleges that he engaged in protected activities from 2002 through 2010 by filing union grievances and claims of discrimination, including the September 30, 2010 filing of his race, disability, and retaliation complaint brought pursuant to Title VII, FEHA, the ADA, and 42 U.S.C. §1983. (10cv2042, Ct. Dkt. 1).

Plaintiff appears to heavily rely upon the temporal closeness of the alleged protected activities which formed the basis for his earlier dismissed action (10cv2042 WQH) and his discharge to establish the requisite causal connection. See Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 507 (9th Cir. 2000) (noting that causation can be inferred from timing alone). The most recent alleged protected activity occurred on September 30, 2010 when Plaintiff filed his earlier discrimination lawsuit, and his discharge occurred on December 22, 2011. This 15-month passage of time is insufficient to establish the requisite causal connection. As noted in Paluck v. Gooding Ruber Co., 221 F.3d 1003 (9th Cir. 2000), "in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression." Id. 1009-10 (one year period of time is too long to raise an inference of discrimination). Even entertaining the questionable assumption that the issuance of the investigative report on March 29, 2011 could be deemed an adverse employment action, it was not acted upon for nine months, a period of time too attenuated to establish the requisite causal connection.

In sum, the court dismisses the retaliation claim with 10 days leave to amend from the date of entry of this order.

**The State Law Claims**

The court declines to address the state law claims until Plaintiff states a federal claim. As this court's jurisdiction is based upon federal question jurisdiction under 28 U.S.C. §1331, the court informs the parties that, in the absence of a viable federal claim, it will likely decline to exercise supplemental jurisdiction over the state law claim.

**IT IS SO ORDERED.**

DATED: April 4, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties