**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ANDREW MCFADDEN,

Plaintiff,

vs.

CITY OF EL CENTRO,

Defendant.

CASE NO. 13cv1580 JM(DHB)

ORDER GRANTING MOTION TO DISMISS; FINDING FEDERAL CLAIMS BARRED BY THE DOCTRINE OF CLAIM PRECLUSION; DISMISSING STATE LAW CLAIMS

Defendant City of El Centro ("El Centro") moves to dismiss the Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Andrew McFadden opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss the Title VII retaliation and discrimination claims, finds the federal claims barred by the doctrine of claim preclusion, declines to exercise supplemental jurisdiction over the state law claims, and instructs the Clerk of Court to close the file.

## BACKGROUND

### The Present Action

On April 17, 2014, Plaintiff filed the SAC alleging five claims for relief: (1) retaliation in violation of Title VII and California Fair Employment and Housing Act ("FEHA"); (2) discrimination based on race in violation of Title VII and FEHA; (3)

wrongful termination in violation of public policy; (4) failure to prevent discrimination, retaliation, or harassment in violation of Cal. Gov't Code §12940 et seq.; and (5) violation of Cal. Civil Code §56.20. (Ct. Dkt. 17). Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. §1331. (SAC ¶¶1, 2).

The SAC alleges that Plaintiff, an African-American male older than 40, began working as a police officer with El Centro in 1989. (SAC ¶¶16, 17). Between 2002 and 2010, Plaintiff was allegedly subjected to discriminatory, hostile, and harassing employment practices by employees of the El Centro Police Department. (SAC ¶18). In 2009 and in 2010, Plaintiff filed charges of racial discrimination with the California Department of Fair Employment and Housing ("DFEH") and the U.S. Equal Employment Opportunity Commission against several El Centro police officers and El Centro. In 2010, Plaintiff filed a civil lawsuit against El Centro "alleging race discrimination, disability discrimination, retaliation, and deprivation of civil rights." (FAC ¶19). After he filed the suit, Plaintiff alleges that the acts of discrimination "escalated." (SAC ¶21).[1]

In January 2011, Plaintiff was subjected to an "administrative investigation" into his driving practices. The administrative investigation was allegedly based upon a citizen's complaint about the driving practices of the El Centro Police Department in general. (SAC ¶22). Plaintiff was allegedly the only target of the investigation. On March 29, 2011, Sergeant John Seaman completed his report, determined that "Plaintiff's driving practices were poor," and recommended that Plaintiff's employment with El Centro Police Department should be terminated. (SAC ¶23). On April 20, 2011, the Executive Commander recommended to the Chief of Police that Plaintiff's

---

[1] On September 26, 2012, Judge William Q. Hayes granted summary judgment in favor of El Centro and against Plaintiff on all discrimination claims in that action. McFadden v. City of El Centro, Case No. 10cv2042 WQH(WMC). Applying the McDonnell Douglas formulation, Judge Hayes found that Plaintiff failed to establish a prima facie case of either discrimination or retaliation. Judge Hayes also found that Plaintiff failed to establish a genuine issue of material fact with respect to the Americans with Disability Act ("ADA") claims or the civil rights claim brought pursuant to 42 U.S.C. §1983.

employment should be terminated.

Despite two previous Fitness for Duty examinations, El Centro requested that Plaintiff participate in another Fitness for Duty examination. On September 12, 2011, Plaintiff traveled to Los Angeles "to attend a Fitness for Duty assessment as demanded by Defendant's Human Resources Director." (SAC ¶25). Upon arrival to the doctor's office, Plaintiff was instructed to sign a medical release form. The doctor would not perform the fitness exam unless Plaintiff signed the release. Plaintiff was unwilling to sign the release. On December 22, 2011, Plaintiff's employment with El Centro Police was terminated based upon the investigation into Plaintiff's driving practices and his failure to complete the Fitness for Duty test. (SAC ¶26).

**The Earlier Filed Action**

As noted above, on September 30, 2010, Plaintiff commenced an action against El Centro alleging four causes of action: (1) race discrimination in violation of Title VII and FEHA; (2) disability discrimination in violation of the Americans With Disabilities Act; (3) retaliation discrimination in violation of Title VII and FEHA; and (4) violation of the Civil Rights Act, 42 U.S.C. §1983. McFadden v. City of El Centro. Case No. 10cv2042 WQH ("McFadden I").

On September 26, 2012, Judge Hayes granted summary judgment in favor of Defendant, and against Plaintiff, on all claims. With respect to the race discrimination and retaliation claims, the court concluded that Plaintiff failed to state a prima facie claim of discrimination and, even if he did, undisputed "evidenced in the record shows that Plaintiff's work performance as police officer was unsatisfactory." (Ct. Dkt. 47 at p.8:24-25). On the disability claim of dyslexia, Judge Hayes determined that Plaintiff failed to state a prima facie case of discrimination. On the civil rights claim, the court found that Plaintiff had failed to submit any evidence that his constitutional rights had been violated.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Title VII Retaliation Claim**

To establish a prima facie case of retaliation under Title VII, Plaintiff must show that (1) he engaged in a protected activity, (2) defendants took an adverse employment action against him, and (3) a causal link exists between his protected activity and the adverse employment action. Vasquez v. County of Los Angeles, 349 F.3d 634. 646 (9th Cir. 2003).

Protected Activity

Plaintiff adequately alleges that he was engaged in a protected activity. Plaintiff alleges that he filed union grievances between 2002 and 2010 ,he filed charges of racial discrimination with DFEH in 2009 , he filed charges with the EEOC in 2010 , and he filed a civil lawsuit in federal court against El Centro alleging claims for violation of the ADA, Title VII, FEHA, and the Civil Rights Act, 42 U.S.C. §1983 on September 30, 2010. (SAC ¶18). There is no doubt that filing grievances and pursuing constitutional and statutory remedies are protected activities.

In sum, this element is satisfied.

Adverse Employment Action

Plaintiff argues that he suffered two distinct adverse employment actions. First, Plaintiff alleges that he was subjected to a 90-day administrative investigation into his driving practices. Plaintiff alleges that El Centro received a citizen's complaint regarding the driving practices of El Centro police officers and that he was the only subject of the investigation. (SAC ¶22). Plaintiff contends that the mere fact that he was the lone subject of an investigation is sufficient in and of itself to establish an adverse employment action because "it subjected Plaintiff to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in his workplace environment." (Oppo. at p.4:22-24). The court concludes that an investigation into the driving practices of Plaintiff, standing alone, does not constitute an adverse employment decision. See Nichols v. Southern Ill. University-Edwardsville, 510 F.3d 772, 786 (7th Cir. 2007) (placing a police officer on paid administrative leave pending

an internal investigation is not a materially adverse employment action). To recognize that an adverse employment action occurs whenever a state employee is subject to an investigation significantly expands the scope of Title VII. Notably, Plaintiff fails to identify any authority that recognizes an adverse employment action without a showing that the individual's position, salary, or benefits were somehow negatively impacted.

Second, Plaintiff contends that the Fitness for Duty examination constitutes an adverse employment action. On September 12, 2011, Plaintiff was required to travel to Los Angeles to complete a Fitness for Duty examination. Plaintiff alleges that he traveled to Los Angeles, but upon arrival at the doctor's office, he was required to sign a mandatory authorization and release of medical information form. (SAC ¶25). Plaintiff felt "uncomfortable" with some of the language in the authorization form and refused to sign the document (Plaintiff does not identify any objectionable language). The doctor then refused to perform the evaluation unless Plaintiff signed the authorization. Plaintiff argues that it was retaliatory to discharge him after he refused to sign the authorization permitting disclosure to his employer. However, the statutory scheme specifically permits employers to "tak[e] such action as is necessary in the absence of medical information due to an employee's refusal to sign an authorization under this part." Cal. Civil Code §56.20. Here, Plaintiff does not allege that he was the only employee of the police department required to undergo a medical examination. The fact that El Centro used Plaintiff's refusal to authorize disclosure of medical information as a basis for his discharge is not prohibited conduct under §56.20(b). Without more, the court concludes that the requirement that Plaintiff submit to a Fitness for Duty Examination is not an actionable adverse employment action.

In sum, the court concludes that the investigation of Plaintiff following a citizen's complaint and requiring Plaintiff to report for a Fitness for Duty Examination are not adverse employment actions.

<u>The Causal Connection</u>

This element requires Plaintiff to allege a causal connection between the

protected activity and the adverse employment action. Vasquez, 349 F.3d at 646. The court concludes that the requisite causal connection allegations are insufficient to state a claim. Plaintiff alleges that he engaged in protected activities from 2002 through 2010 by filing union grievances and claims of discrimination, including the September 30, 2010 filing of his race, disability, and retaliation complaint brought pursuant to Title VII, FEHA, the ADA, and 42 U.S.C. §1983. (10cv2042, Ct. Dkt. 1).

Plaintiff appears to rely heavily upon the temporal closeness of the alleged protected activities which formed the basis for his earlier dismissed action (McFadden I) and his discharge to establish the requisite causal connection. See Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 507 (9th Cir. 2000) (noting that causation can be inferred from timing alone). The most recent alleged protected activity occurred on September 30, 2010, when Plaintiff filed his earlier discrimination lawsuit, and his discharge which occurred on December 22, 2011. This 15-month passage of time is insufficient to establish the requisite causal connection. As noted in Paluck v. Gooding Ruber Co., 221 F.3d 1003 (9th Cir. 2000), "in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression." Id. at 1009-10 (one year period of time is too long to raise an inference of discrimination). Even entertaining the questionable assumption that the issuance of the investigative report on March 29, 2011, could be deemed an adverse employment action, it was not acted upon for nine months, a period of time too attenuated to establish the requisite causal connection.

In sum, the court dismisses the retaliation claim with 10 days leave to amend from the date of entry of this order.

**Claim Preclusion**

Although not addressed by the parties, it appears that Plaintiff's entire action is barred by the doctrine of claim preclusion.

> The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' The application of this doctrine is 'central to the purpose for which civil courts have been established, the conclusive resolution of

> disputes within their jurisdiction.' Moreover, a rule precluding parties from the contestation of matters already fully and fairly litigated 'conserves judicial resources' and 'fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'

In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (quoting Montana v. United States, 440 U.S. 147 (1979)); Clements v. Airport Auth., 69 F.3d 321, 330 (9th Cir. 1995) ("Preclusion doctrine encompasses vindication of both public and private interests. The private values protected include shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose. The public interests served include avoiding inconsistent results and preserving judicial economy.").

"Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002) (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). Here, all elements for application of the doctrine are satisfied. First, the Title VII claims are identical and arise from events occurring before or during the prior litigation. The factual underpinnings for the present claims, while not specifically asserted in McFadden I, could have been because the complained of events occurred prior to or during the earlier litigation. Plaintiff asserts that he did not plead claims arising from the January 2011 investigation of the citizen's complaint or from the September 2011 fitness for duty test, and, therefore, he is able to pursue them in this action. (Oppo. at p.8:8-12). However, the test is not whether the actual circumstances were alleged, but whether "all the grounds of recovery [] were asserted, or could have been asserted. . . . [T]he relevant inquiry is whether they could have been brought." United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998). Here, there can be no serious dispute that the present factual circumstances underlying Plaintiff's claims could have been brought in McFadden I.

Second, the order on summary judgment is a determination on the merits. See

In re Schimmels, 127 F.3d at 879. Finally, there is no dispute that there is privity between the parties because they are the same parties.

In sum, the court finds Plaintiff's federal claims barred by claim preclusion.

**The State Law Claims**

The court declines to address the state law claims. As plaintiff fails to state a federal claim, under the well-pleaded complaint rule, the court declines to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. §1367.

In sum, the court dismisses the federal claims with prejudice, finds the federal claims barred by the doctrine of claim preclusion, declines to exercise supplemental jurisdiction over the state law claims, and instructs the Clerk of Court to close the file.

**IT IS SO ORDERED.**

DATED: July 2, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties